## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CATHERINE M. HUTH,
               Appellant,

v.

DEPARTMENT OF
   TRANSPORTATION,
               Agency.

DOCKET NUMBER
CH-3443-15-0223-I-1

DATE: June 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

David A. Bassi, Oberlin, Ohio, for the appellant.

Virginia C. Costello, Esquire, Des Plaines, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant sought to appeal the agency's denial of a performance-based salary increase under the Core Compensation Plan (CCP) applicable to her management support analyst position under the Performance Management System (PMS) of the agency's Federal Aviation Administration (FAA). Initial Appeal File (IAF), Tab 1. The administrative judge informed the appellant that the Board did not appear to have jurisdiction over this action and she ordered the appellant to file evidence and argument in support of her burden to establish jurisdiction over her appeal. IAF, Tab 2. The appellant responded to the administrative judge's order and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 3, 8. The appellant responded in opposition to the agency's motion. IAF, Tab 9.

¶3 After considering the parties' submissions, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). In her initial decision, the administrative judge aptly explained that Congress directed the FAA to develop and implement its PMS, which, among other things, replaced the traditional General Schedule (GS) pay system with the CCP. ID at 2-3. Because the appellant is not covered by the GS pay system, and her pay

plan does not entitle her to within-grade increases but instead allows for performance-based increases, the denial of which is outside the Board's authority to review, we agree with the administrative judge's determination to dismiss the appeal for lack of jurisdiction without holding a hearing.

¶4    With her petition for review, the appellant includes a 2002 news story concerning the success of FAA information technology workers before the Federal Labor Relations Authority (FLRA), and she asks questions about the substance of the agency's decisions under the CCP.  Petition for Review (PFR) File, Tab 1.  The agency responds that the appellant's petition for review does not meet the Board's criteria for review.  PFR File, Tab 3.

¶5    The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The news story the appellant provides on review is dated long before the record closed and, even though the decisions of the FLRA may provide the Board with guidance in certain contexts, they are not binding on the Board.  *Berkner v. Department of Commerce*, 116 M.S.P.R. 277, ¶ 8 (2011).  Ultimately, the appellant identifies no authority under which the Board may take jurisdiction over her appeal.  Instead, she respectfully accepts that her appeal is likely not within the Board's jurisdiction, acknowledging that, if the FLRA precedent does not change the result in her appeal, "then it makes sense for me to withdraw the appeal."  *Id.* at 4.  Although the appellant does not provide a copy of the FLRA case at issue, it does not involve the Board's jurisdiction over the FAA's PMS or CCP, so it does not affect the outcome of this appeal.  Accordingly, we DENY the appellant's petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.